IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DIANE BERNARD,
Personal representative for the
Estate of Robert Haws, DIANE
BERNARD,

           Plaintiff,

   v.

SHERIFF JASON MYERS,
SERGEANT JOHN McOMBER,
LIEUTENANT STEELE,
DEPUTY VAUGHN,
SERGEANT GERRY ADCOCK,
FSA II HILGERS,
SENIOR DEPUTY PETE DODSON,
SENIOR DEPUTY DONNA HEFTY,
SENIOR DEPUTY ERIK DOUGLASS,
DEPUTY KELLOGG,
DEPUTY PETERSON,
SERGEANT JAMES COLEMAN,
DEPUTY HARTL,
SERAGEANT JERRY HOGUE,
SENIOR DEPUTY DAN WITT,
DEPUTY ADAM GARNER,
NURSE GAGE,
NURSE DONNA KENDALL,

No. CV-11-608-HZ

OPINION & ORDER

1 - OPINION & ORDER

Dr. RENDLEMAN,
OFFICER HAYMAN,
JOHN and JANE DOES #1-10,
employees of Marion County Jail, and
MARION COUNTY, by and through
the Marion County Jail,

                    Defendants.

Michelle R. Burrows
Sara K. Staggs
MICHELLE R. BURROWS, PC
618 NW Glisan
Suite 203
Portland, OR 97209

William A. Barton
BARTON & STREVER PC
214 SW Coast Highway
P.O. Box 870
Newport, OR 97365

    Attorneys for Plaintiff

Kirstin E. Lurtz
MARION COUNTY LEGAL COUNSEL
555 Court Street, N.E.
P.O. Box 14500
Salem, Or 97309

    Attorney for Defendant
    Marion County

Jamie E. Valentine
Lindsey Harris Hughes
KEATING JONES HUGHES PC
One SW Columbia, Suite 800
Portland, OR 97258

    Attorneys for Defendant
    Neil Rendleman, M.D.

2 - OPINION & ORDER

HERNANDEZ, District Judge:

Robert Haws ("Haws" or "Decedent") died while he was an inmate at Marion County Jail. Compl., ¶ 1. Plaintiff Diane Bernard ("Plaintiff" or "Bernard") brings this action in her individual capacity and in the capacity as the personal representative of the Estate of Haws. The Complaint names twenty-one defendants and ten "John and Jane Does" (collectively, "Defendants").[1] Id., ¶¶ 7-27.

Plaintiff asserts seven claims for relief, five of which she asserts against Neil Rendleman, M.D. ("Rendleman" or "Defendant"), one of the named health care providers. Id., ¶ 23. The five claims for relief asserted against Defendant are as follows: (1) violation of 42 U.S.C. § 1983 for deprivation of Decedent's rights pursuant to the Eighth and Fourteenth Amendments to the United States Constitution for delay and denial of medical care; (2) violation of 42 U.S.C. § 1983 for deprivation of Decedent's rights pursuant to the Eighth and Fourteenth Amendments for failure to protect Decedent; (3) violation of 42 U.S.C. § 1983 for deprivation of Decedent's rights pursuant to the Eighth and Fourteenth Amendments for supervisory liability; (4) violation of 42 U.S.C. § 1983 for deprivation of Decedent's substantive due process rights pursuant to the Fourteenth Amendment and for parental loss; and (5) a supplemental state law claim for medical negligence.

Now before me is the motion to dismiss the Complaint (doc. #27) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule").[2] Also before me is the motion to

---

[1] The Complaint names as defendants seventeen "law enforcement officers," three "health care providers," Marion County, and ten John and Jane Does. Compl., ¶¶ 7-27.

[2] Defendant erroneously refers to Rule 12(b)(6) as Rule 12(6) throughout his briefs. See Mot. to Dismiss and Strike Pursuant to FRCP 12 ("Mot. to Dismiss"), p. 2; Mem. in Supp. of

3 - OPINION & ORDER

strike paragraphs 47 and 48 of the Complaint (doc. #27) pursuant to Rule 12(f). For the reasons that follow, Defendant's motion to dismiss (doc. #27) and motion to strike (doc. #27) are DENIED.

## BACKGROUND

The following allegations in the Complaint are accepted as true for the purpose of evaluating Defendants' motions to dismiss:

Around 9:30 a.m. on July 13, 2010, Decedent was playing basketball with other inmates in the Marion County Jail courtyard. Id., ¶ 30. While playing basketball, Decedent became involved in a verbal altercation with Robert Dailey ("Dailey"), another inmate at Marion County Jail. Id., ¶¶ 31-32. During the altercation, Daily punched Decedent in the jaw, knocking him unconscious and causing him to hit his head on the concrete. Id., ¶ 32. Dailey and the other inmates in the area dispersed. Id., ¶ 33. None of the guards, however, witnessed the altercation or Decedent as he laid unconscious on the basketball court for approximately fifteen minutes because they were watching their computers instead of the recreational yard. Id., ¶¶ 33, 41.

At some point, Dailey and a few other inmates returned to check on Decedent. Id., ¶ 34. They dragged Decedent over to one of the poles of the basketball nets and propped him up against it. Id. Decedent was barely conscious, was vomiting and urinating over himself, and was bleeding out of his nose. Id., ¶¶ 34-36. Without any interference from the guards, one of the inmates made several trips to the laundry room, replacing Decedent's soiled, bloody clothing with clean clothing from the laundry room. Id., ¶¶ 34-35.

---

Mot. to Dismiss, pp. 2, 4.

Around 10:40 a.m., Decedent was noticed on a visual monitor. Id., ¶ 36. When law enforcement officers finally reached Decedent, he was disoriented and could not respond to any of their questions. Id. Decedent was handcuffed, and around 11:15 a.m., was put in a wheelchair and taken to the segregation unit of the Marion County Jail. Id., ¶¶ 36-37. Although Decedent continued to vomit and bleed out of his mouth and nose, he was placed in leg iron restraints. Id., ¶¶ 37-38.

Sometime after 11:15 a.m., a 9-1-1 call was made. Id., ¶ 38. Emergency medical technicians ("EMTs") arrived at Marion County Jail around 11:30 a.m. Id. Although unsupported "by [Decedent's] medical history or symptoms," the medical staff and security officers told the EMTs that Decedent probably had a seizure and that his recent depression indicated his state could be connected with a suicide attempt. Id. At no time did they discuss the possibility of head trauma. Id.

Decedent arrived at the emergency room around 12:00 p.m. Id., ¶ 39. His condition, however, "was not classified [as] a true emergency based on the false and contrived information provided by [D]efendants" and as such, Decedent remained chained to a gurney in the emergency room until the evening. Id. Around 6:00 p.m., an x-ray was performed indicating Decedent had a subdural hematoma. Id. Decedent was taken in for surgery, which lasted approximately five hours. Id. Decedent emerged from surgery in a coma and died seven days after the surgery. Id., ¶ 40.

/ / /

/ / /

/ / /

**STANDARDS**

**I. Motion to Dismiss Pursuant to Rule 12(b)(6)**

To survive a Rule 12(b)(6) dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  It must contain factual allegations sufficient to "raise a right to relief above the speculative level." Id.  To raise a right to relief above the speculative level, "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (citation omitted).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 970 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007).  A court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of L.A., 828 F.2d 556, 561 (9th Cir. 1987).  The court "presume[s] that general allegations embrace those specific facts that are necessary to support the claim." Nat'l Org. for Women v. Scheidler, 510 U.S. 249, 256 (1994) (citation omitted).  The court need not, however, "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

/ / /

**II. Motion to Strike**

Rule 12(f) provides that district courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on their own initiative or pursuant to a party's motion. Fed. R. Civ. P. 12(f). The disposition of a motion to strike is within the discretion of the district court. See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt., 921 F.2d 241, 244 (9th Cir. 1990). "Motions to strike are disfavored and infrequently granted. A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." E.g., Bassett v. Ruggles, No. CV-F-09-528 OWW/SMS, 2009 WL 2982895, at *24 (E.D. Cal. 2009).

## DISCUSSION

**I. Motion to Dismiss**

Defendant seeks an order dismissing all of the claims asserted against him pursuant to Rule 12(b)(6).[3] Mot. to Dismiss, p. 2. Defendant contends the Complaint does not allege he was personally involved with Decedent's care and argues that paragraphs 38, 41, 42, and 43 of the Complaint fail to "mention or make reference to defendant Dr. Rendleman" and fail to allege Defendant was "at the jail on the day in question." Mem. in Supp. of Mot. to Dismiss, p. 3; Reply in Supp. of Mot. to Dismiss ("Reply"), pp. 2, 5, 6. He also asserts there are "no

---

[3] Defendant also appears to seek an order dismissing just the in-concert allegations asserted against him. He expressly "moves to dismiss [P]laintiff's claims for concerted liability against defendant Rendleman from each of the claims for relief." See Mot. to Dismiss, p. 2 (emphasis added). Defendant, however, cites no authority supporting his proposition that Rule 12(b)(6) allows a party to dismiss only specific allegations within a claim. Id. To the extent Plaintiff's motion to dismiss seeks to dismiss only select allegations from each of the claims, his motion is denied.

7 - OPINION & ORDER

allegation[s] of fact that would support a finding that [he] had supervisory authority over the nursing staff." Reply, p. 3. Defendant's assertions, however, are unavailing.

The level of specificity Defendant seeks here is not required under Rule 8(a)(2), which requires only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Iqbal, 129 S. Ct. at 1949 (a complaint must simply "include sufficient facts to state a claim to relief that is plausible on its face" – "detailed factual allegations are not required") (internal quotation marks and citations omitted). Indeed, Plaintiff has alleged sufficient facts from which a reasonable inference can be drawn that Defendant was involved with Decedent's medical care at the time of his injury. Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") For example, Plaintiff alleges that "at all material times" Defendant "was a health care provider, working under the color of law for the Marion County Jail." Compl., ¶ 23. Paragraph 38 of the Complaint alleges "[t]he medical staff . . . told the EMS workers that Plaintiff . . . probably had a seizure . . . and indicated that his state could be connected with a suicide attempt . . . ." Id., ¶ 38. Paragraph 41 of the Complaint alleges that "[n]o jail staff called medical [sic] or transported Plaintiff for over an hour after he was hit, and [the jail staff] provided false information to the paramedics." Id., ¶ 41. Paragraph 42 of the Complaint alleges that "[i]f Defendants, especially the medical staff, had considered the symptoms[,] . . . Plaintiff could have been evaluated for head trauma as soon as he reached the emergency room." Id., ¶ 42 (emphasis added). It also alleges "Defendants abandoned Plaintiff . . . [and] slowly responded to his substantial injury." Id. Paragraph 43 of

the Complaint alleges "[t]he delay and denial of Plaintiffs medical care by the Defendants . . . caused Haws death." Id., ¶ 43. Finally, the Complaint alleges "Rendleman . . . . [was] on duty" "[a]t all material times." Id., ¶ 77. Construing the Complaint in the light most favorable to Plaintiff, I conclude it can reasonably be inferred from the factual allegations that Defendant was involved with Decedent's medical care at the time he was injured on July 13, 2010.

With respect to Defendant's supervisory authority, the Complaint specifically alleges "Rendleman . . . w[as] employed by Marion County in a supervisory capacity[,] . . . had duties to manage and direct subordinate staff in the carrying out of their duties and responsibilities[,] . . . [and was] directly involved in the decisions to respond to the situation . . . ." Id., ¶¶ 57-58. Defendant's assertion that there are no allegations of fact supporting a finding that Defendant had supervisory authority belies the allegations in the Complaint.

Defendant also contends the allegations in paragraph 47 of the Complaint is a "conclusion of law and . . . should be disregarded." Reply, p. 2. He further contends the Complaint fails to allege how he acted in concert with the other Defendants and that he cannot be held liable for each and every act of his co-defendants.

Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-50. Here, paragraph 47 of the Complaint alleges, "In situations involving multiple defendant actors who act together to violate an individual's protected constitutional rights, each defendant is held liable for all the acts of each of the other defendants." Id., ¶ 47. Plaintiff's allegation amounts to a legal conclusion that I am not required to accept as true for the purpose of this motion to dismiss. Iqbal, 129 S. Ct. at 1949-50. Other allegations in the Complaint, however, sufficiently plead that the acts of Defendant, in concert

with those of the other Defendants, contributed to Decedent's death. Compl., ¶¶ 48, 50. For example, paragraph 48 of the Complaint alleges "Defendants, individually and in concert with each other" failed to provide for Decedent's "medical needs for over an hour after he suffered the injury." Id., ¶ 48.

In addition, Plaintiff's in-concert allegations are not the sole basis of any of the five claims asserted against Defendant.[4]  With respect to Plaintiff's first claim for relief, it alleges violations of 42 U.S.C. § 1983 for deprivation of Decedent's rights under the Eighth and Fourteenth Amendments for delay and denial of medical care. Id., ¶ 44. It asserts wrongdoing by Defendant both "individually" and "in concert" with other Defendants where Defendants "contrived facts to protect themselves[,] . . . failed to treat [Decedent] as a medical patient . . ., [and] put him in solitary confinement [after his injury.]" Id., ¶ 48. It also alleges Defendant "failed to provide the EMT's [with] accurate information and . . . fabricated a story which was then conveyed to the hospital resulting in a seven hour delay of life saving treatment for [Decedent]." Id.

Plaintiff's second claim for relief alleges violations of 42 U.S.C § 1983 for deprivation of Decedent's rights under the Eighth and Fourteenth Amendments for failure to protect Decedent. It expressly "realleges paragraphs 1 through 50" and alleges "the named [D]efendants" failed to "respond to the . . . medical needs of [Decedent]," failed "to document accurately the actions and investigation taken when addressing the needs of a clearly injured inmate," and failed "to call emergency transport." Id., ¶¶ 51, 53. It further alleges Defendant intentionally "delay[ed] the

---

[4] Only Plaintiff's first claim for relief expressly alleges in-concert actions by Defendants. Compl., ¶¶ 47-48. Plaintiff's remaining claims for relief simply "reallege" all the allegations in the preceding paragraphs of the Complaint. Id., ¶¶ 47-48, 51, 57, 62, 76.

10 - OPINION & ORDER

transport and evaluation of [Decedent]," provided "false and contrived information to medical personnel thus interfering with the treatment of [Decedent]," and provided "false and contrived information to emergency medical officers which was documented and provided to medical staff at the hospital." Id., ¶ 53.

Plaintiff's third claim for relief alleges violations of 42 U.S.C § 1983 for deprivation of Decedent's rights pursuant to the Eighth and Fourteenth Amendments for supervisory liability. Id., ¶ 57. Like the first and second claims for relief, it simply "realleges" all the allegations in the preceding paragraphs. Id. It also alleges "Rendleman . . . [was] employed by Marion County in a supervisory capacity . . . [and] had duties to manage and direct subordinate staff in the carrying out of [his] duties and responsibilities." Id., ¶ 58. It further alleges Defendant was "directly involved in the decisions to respond to the situation" and "appear[ed] to allow a malicious, callous and institutional disregard for serious medical issues suffered by prisoners to the extent [he] . . . participate[d] in depriving [Decedent] of medical care, delay[ed] transport, cover[ed] up misconduct by staff[,] and provide[d] false statements . . . ." Id. Finally, Plaintiff's third claim for relief alleges Defendant "fail[ed] to provide timely and adequate emergency care for inmates." Id., ¶ 61.

Plaintiff's fourth claim for relief alleges violations of 42 U.S.C § 1983 for deprivation of Decedent's substantive due process rights pursuant to the Fourteenth Amendment and for parental loss. Id., ¶ 62. It "realleges" all allegations stated in the preceding paragraphs and asserts Defendant delayed Decedent's medical care. Id., ¶¶ 62, 67.

Lastly, Plaintiff's seventh claim for relief alleges a supplemental state law claim for medical negligence. Id., ¶ 76. It "realleges" all the allegations asserted in the preceding

11 - OPINION & ORDER

paragraphs of the Complaint and asserts Defendant was "on duty" when Decedent was injured. Id., ¶ 77. It alleges Defendant "fail[ed] to recognize and treat" Decedent and failed to provide Decedent with "timely access to hospital and emergency medical care." Id., ¶ 79. It further alleges Defendant failed to "take the urgent action that Plaintiff's condition clearly required," "interfered with medical care needed by [Decedent,]" and "provided false and misleading information to medical staff resulting in extensive delays of treatment." Id., ¶ 80.

When read in its entirety, the Complaint here satisfies the liberal pleading standard set forth in Rule 8(a)(2) and provides Defendant with "fair notice" of what the claims are and "the grounds upon which [they] rest[]." Twombly, 550 U.S. at 555; see also Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("[T]he complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.").

Accepting the allegations of material fact in the Complaint as true and construing those allegations in the light most favorable to Plaintiff, I conclude Plaintiff pleads sufficient facts supporting his claims against Defendant. See Haddock v. Bd. of Dental Exam'rs of Cal., 777 F.2d 462, 464 (9th Cir. 1985) ("[A] complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory.").

Defendant's motion to dismiss Plaintiff's first, second, third, fourth, and seventh claims for relief is denied.

**II. Motion to Strike**

In the alternative, Defendant moves to strike Plaintiff's allegations of in-concert liability set forth in paragraphs 47 and 48 of the Complaint. Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

Plaintiff argues that the allegations in paragraphs 47 and 48 are not redundant, immaterial, impertinent, or scandalous. I agree. Furthermore, as noted above, motions to strike are disfavored and infrequently granted. Lastly, I find Plaintiff's allegations regarding in-concert liability may later prove relevant to her claims and damages. Accordingly, Defendant's motion to strike paragraphs 47 and 48 of the Complaint is denied.

## CONCLUSION

Based on the foregoing reasons, Defendant's motion to dismiss (doc. #27) and motion to strike (doc. #27) are DENIED.

IT IS SO ORDERED.

Dated this   20th   day of October, 2011.


/s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

13 - OPINION & ORDER